IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHANNON D. BRADLEY,<br><br>    Plaintiff,<br><br>v.<br><br>DEKALB COUNTY, GEORGIA, FRANK J. KLIESRATH, D.T. CUNNINGHAM, THOMAS F. LANE, CORNELIUS YARBRO, *in their individual and official capacities*, and JORGE SIMMONDS-DIAZ, M.D.,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:10-CV-0218-TWT-GGB |

## **NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the court on Defendants' Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 4) and Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 22) for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, I recommend that Defendants' Motion for Partial Dismissal of Plaintiff's Amended Complaint be **GRANTED IN PART and DENIED IN PART**, and that

Defendants' Motion for Partial Dismissal of Plaintiff's Complaint be **DENIED AS MOOT**.

## I. PROCEDURAL HISTORY

On January 26, 2010, Plaintiff filed the initial complaint in this action against Defendants, alleging claims of discrimination, retaliation, and hostile work environment on the basis of race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. §§ 1981 and 1983, and discrimination and retaliation on the basis of disability under Title I of the Americans with Disability Act of 1990 ("ADA"). (Doc. 1, Complaint). Plaintiff's Complaint also contains a claim under Georgia state law for intentional infliction of emotional distress, and a request for damages, including punitive damages, and attorneys' fees.

On March 4, 2010, Defendants filed a Motion to Stay Answer and Discovery (Doc. 3), as well as a Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 4) for failure to state a claim, pursuant to Fed. R. Civ. P. 12 (b)(6).

On March 8, 2010, Plaintiff filed an Amended Complaint ("Amended Complaint"). (Doc. 16). On March 25, 2010, Defendants filed a Motion to Stay Answer and Discovery to Plaintiff's Amended Complaint (Doc. 23), and a Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 22). To date, no defendant has filed

2

an answer to Plaintiff's Complaint or Amended Complaint.

On May 11, 2010, this court granted Defendants' second motion to stay answer and discovery pending resolution of Defendants' motions to dismiss, and denied as moot their first motion to stay. (Doc. 32).

## II.  LEGAL STANDARD

A motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), tests the legal sufficiency of a plaintiff's claims against the legal standard set forth in Rule 8, which states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-51 (2009)(stating that a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.").

For purposes of a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Duke v. Cleland, 5 F.3d 1399, 1402

(11th Cir. 1993)(stating that all reasonable inferences are to be made in favor of the plaintiff). When considering a motion to dismiss, the court limits its consideration to the pleadings and exhibits attached thereto. GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993).

### III.  DISCUSSION

**A.      Defendants' (First) Motion for Partial Dismissal**

In Defendants' first motion for partial dismissal (Doc. 3), Defendants move to dismiss the following portions of Plaintiff's Complaint for failure to state a claim: Plaintiff's ADA claims against the individual defendants Kliesrath, Cunningham, Lane, and Yarbro ("Individual Defendants") (in Count One); Plaintiff's termination-related claims under Title VII and the ADA (in Counts One, Two and Four) for failure to satisfy the statutory prerequisites for filing those claims; Plaintiff's claims under 42 U.S.C. § 1981 (in Counts Three and Five) for failure to bring those claims through 42 U.S.C. § 1983; the official capacity claims against the Individual Defendants because they are redundant of Plaintiff's claims against DeKalb County; and Plaintiff's claim of intentional infliction of emotional distress (Count Six).

Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part, that a party may amend its pleading once as a matter of course (without seeking leave of the

court) within 21 days after serving it, or within 21 days after service of a Rule 12(b) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). Plaintiff argues that Defendants' motion should be denied as moot because Plaintiff amended his original Complaint on March 8, 2010 (as a matter of course) to correct any alleged defects in the original Complaint. (Doc. 19 at 4).

As a general matter, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)(citation and quotation omitted); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982)("Under the Federal Rules, an amended complaint supersedes the original complaint."). "That means that specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." Gross v. White, 340 F. App'x 527, 534 (11th Cir. 2009).

Defendants' first motion to dismiss has been rendered moot by the filing of Plaintiff's Amended Complaint. It is therefore recommended that Defendants' Motion for Partial Dismissal (of Plaintiff's original Complaint) (Doc. 4) be **DENIED AS MOOT**.

AO 72A
(Rev.8/82)

B.      **Defendants' Motion for Partial Dismissal of Plaintiff's Amended Complaint**

In their second motion for partial dismissal, Defendants seek to dismiss the following portions of Plaintiff's Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6): Plaintiff's termination-related claims under Title VII and the ADA (in Counts One, Two and Four); Plaintiff's Count Six claim of intentional infliction of emotional distress; and Plaintiff's claim for punitive damages insofar as the prayer for relief sought by Plaintiff alleges such a claim against Defendant DeKalb County.

*1.      Failure to satisfy statutory prerequisites*

Defendants seek to dismiss Plaintiff's retaliation claims under Title VII and the ADA for failure to exhaust administrative remedies. Filing an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") is a prerequisite to a private civil action brought pursuant to the provisions of Title VII and the ADA. Under Title VII, an employee is required to file a charge of discrimination with the EEOC within 180 days of the alleged act of discrimination. See 42 U.S.C. § 2000e-5(e). The ADA has incorporated Title VII's administrative filing requirements. See 42 U.S.C. § 12117(a). Thus, the administrative filing requirements are the same for claims brought under Title VII and the ADA. Maxwell v. Inner Harbour, Ltd., No.

6

1:08-CV-2925-RWS, 2009 WL 1045478, at *1-2 (N.D. Ga. Apr. 20, 2009). If an employee fails to file an EEOC charge before the 180-day limitations period elapses, his or her subsequent lawsuit is procedurally barred and must be dismissed for failure to exhaust his or her administrative remedies. Id. (citing Brewer v. Ala., 111 F. Supp. 2d 1197, 1204 (M.D. Ala. 2000)).

With regard to Plaintiff's termination-related Title VII race discrimination and retaliation claims (in Counts Two and Four of Plaintiff's Amended Complaint) and Plaintiff's termination-related ADA claim in Count One, Defendants argue that Plaintiff did not file a charge with the EEOC within 180 days from the date of the alleged violation (Plaintiff's termination on October 14, 2008), as required by Title VII and the ADA.

An EEOC charge alleging Title VII and/or ADA violations is timely filed when it is received by the Commission within 180 days from the date of the alleged violation. See 29 C.F.R. § 1601.13(a)(pertaining to Title VII); 29 C.F.R. § 1640.5 (pertaining to the ADA). Defendants argue that the date that an EEOC office stamps "Received" on a charge of discrimination is the dispositive date that a charge is received for purposes of satisfying charge filing requirements. (Doc. 22-2 at 7-8, citing Adams v. Cal-Ark Int'l, Inc., 159 F. Supp. 2d 402, 407 (E.D. Tex. 2001)).

7

In Plaintiff's Amended Complaint, Plaintiff alleges that "[a]ll conditions precedent to jurisdiction under Title VII and the ADA have occurred or have been complied with; specifically, Shannon Bradley filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), the Notice of Right to Sue was issued on October 28, 2009, and Plaintiff brought suit within ninety (90) days of receipt of the Notice of Right to Sue." (Doc. 16, Am. Compl. ¶ 4). In Paragraph 84, Plaintiff alleges that he "filed another EEOC complaint on March 30, 2009. A copy of the complaint is attached hereto as Exhibit B." (Am. Compl. ¶ 84).

Exhibit B to Plaintiff's Amended Complaint appears to be a copy of an EEOC Charge of Discrimination, Charge Number 410-2009-02080. (Doc. 16 at 65). In the lefthand bottom corner, the signature "Shannon Bradley" and the date "March 30, 2009" are entered immediately below the sentence, "I declare under penalty of perjury that the foregoing is true and correct." (Id.). In the space provided for the claimant to enter what the cause of discrimination is based on, the boxes for race, color, sex, retaliation, disability, and "Other – Wrongful Termination" are checked. Beneath Plaintiff's narrative statement of the particulars of his charge is the typed notation, "This charge was timely filed with the EEOC on March 30, 2009" and a stamped notation that the charge was "Sent Via Fax and First Class Mail." The EEOC's "Received" date stamp

in the bottom righthand corner of the form, however, indicates that the document was received by the "EEOC-ATDO" on September 10, 2009. (Id.).

Defendants argue that the September 10, 2009 date stamp is dispositive of the date that the EEOC received the charge, and September 10th is outside the 180-day filing period. As a result, Defendants contend that Plaintiff has failed to satisfy the statutory prerequisites for bringing his retaliation claims under Title VII and the ADA. Plaintiff offers no explanation for the discrepancy in the dates between the date Plaintiff claims he filed his charge with the EEOC (March 30, 2009) and the date the EEOC office stamped "Received" on Plaintiff's charge (September 10, 2009). Nonetheless, Plaintiff argues that dismissal is inappropriate where, as here, there is an issue of fact regarding whether the EEOC charge was timely. (Doc. 25, Pl.'s Br., at 5, citing Jennings v. Am. Postal Workers Union, 672 F.2d 712, 715 (8th Cir. 1982) (reversing dismissal of case based upon the 180-day EEOC filing period having expired because unresolved issues of fact remained regarding the timeliness of the charge)).

On a motion to dismiss, well-pleaded factual allegations are entitled to an assumption of truth. Accordingly, the court must accept as true Plaintiff's allegation that he filed his EEOC charge of retaliatory termination on March, 30, 2009. At this stage of the proceedings, the parties have not had a sufficient opportunity to develop the

9

record for the court, on a motion to dismiss, to resolve a factual dispute regarding exhaustion of administrative remedies. For the stated reasons, I recommend that Defendants' Motion for Partial Dismissal of Plaintiff's Amended Complaint with regard to Plaintiff's termination-related claims under Title VII and the ADA be denied.

### *2.  Plaintiff's claim of intentional infliction of emotional distress*

In Count Six of his Amended Complaint, Plaintiff asserts a claim for intentional infliction of emotional distress. (Am. Compl. ¶¶ 166-70). However, Plaintiff has failed to allege the underlying facts necessary to establish the elements of an intentional infliction claim. Under Georgia law, a plaintiff must show (1) intentional or reckless conduct; (2) extreme and outrageous conduct; (3) a causal connection between the alleged conduct and the emotional distress; and (4) severe emotional injury. Jarrard v. United Parcel Serv., Inc., 242 Ga. App. 58, 59, 529 S.E.2d 144, 146 (2000); Bridges v. Winn-Dixie Atlanta, Inc., 176 Ga. App. 227, 229, 335 S.E.2d 445, 447 (1985). Plaintiff claims that Defendants, who were in a position to affect his interests, acted in a manner "far beyond the norms of acceptable business behavior, and with the intent to humiliate Plaintiff," by, among other things, subjecting him to harassment based upon the perception that he suffers from epileptic seizures. Plaintiff further alleges that his employer's and supervisors' unlawful actions included stripping him of his badge and

10

gun, assigning him to the screening desk for extended periods, subjecting him to multiple fitness-for-duty evaluations without justification, and conducting internal investigations into minor offenses, thus marring his reputation as an officer and causing him professional and personal humiliation.  (Doc. 25 at 8-9).

The required standard for intentional infliction of emotional distress is stringent and difficult to establish.  Bridges, 176 Ga. App. at 229, 335 S.E.2d at 447; see also Moses v. Prudential Ins. Co. of Am., 187 Ga. App. 222, 224, 369 S.E.2d 541, 543 (1988)(intentional infliction of emotional distress is hard to establish because of "the court's justifiable concern that causes of action grounded upon emotional distress may give rise to fictitious, inflated, or trivial claims unless properly circumscribed").  This tort is reserved for only the most egregious behavior, which plaintiffs "bear a heavy burden" in establishing.  Mears v. Gulfstream Aerospace Corp., 225 Ga. App. 636, 640, 484 S.E.2d 659, 664 (1997).  Whether this burden has been met is a question of law for the court to decide.  Id.

Conduct is "extreme and outrageous" only when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Yarborough v. SAS Sys., Inc., 204 Ga. App. 428, 429, 419 S.E. 2d 507, 509 (1992).  Mere insults,

11

indignities, threats, annoyances, petty oppressions, or the fact the plaintiff was insulted or offended are insufficient. Perkins-Carrillo v. Systemax, Inc., 2006 WL 1553957, at *19 (N.D. Ga. May 26, 2006). "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." Bridges, 176 Ga. App. at 230, 335 S.E.2d at 448. Even termination of employment or threats of termination are insufficient to establish a claim for intentional infliction of emotional distress. See Amstadter v. Liberty Healthcare Corp., 233 Ga. App. 240, 243, 503 S.E.2d 877, 880 (1998).

The allegations in Plaintiff's Amended Complaint do not meet the stringent burden for establishing a claim of intentional infliction of emotional distress. Plaintiff has failed to allege and to show the existence of any extreme and outrageous conduct or a causal link between the alleged conduct and his emotional distress. Accordingly, Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law, and Defendants are entitled to dismissal of this claim.

### *3.     Plaintiff's claim of punitive damages against DeKalb County*

Finally, Defendant DeKalb County contends that it is not subject to punitive damages under Title VII, the ADA, or § 1983. The county, therefore, seeks to have dismissed Plaintiff's prayer for punitive damages against it under those statutes.

Plaintiff counters that he has not asserted a cause of action for punitive damages, and that as a possible remedy, the issue can and should be dealt with at the jury charge stage, rather than on a motion to dismiss.

Governmental entities are expressly exempt from punitive damages under Title VII and the ADA. See Scott v. Estes, 60 F. Supp. 2d 1260, 1274 (M.D. Ala. 1999)(citing 42 U.S.C. § 1981a(b)(1)("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) ...")). "Section 1983 does not expressly immunize governmental entities from punitive damages. However, the United States Supreme Court has held that 'a municipality is immune from punitive damages under 42 U.S.C. § 1983,' City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, (1981), and the reasoning behind this holding requires that the holding be extended to counties as well." Scott, 60 F. Supp. 2d at 1274 (citing Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995); Sims v. Montgomery County Comm'n, 873 F. Supp. 585, 609 (M.D. Ala. 1994)). DeKalb County therefore cannot be held liable for punitive damages under Title VII, the ADA, or § 1983. Accordingly, I recommend that Plaintiff's prayer for punitive damages against the county under these statutes be dismissed.

## IV. CONCLUSION

For the foregoing reasons, I **RECOMMEND** that Defendants' Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 4) be **DENIED as moot**. I further **RECOMMEND** that Defendants' Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 22) be **GRANTED IN PART and DENIED IN PART**. Specifically, Defendants' motion to dismiss Plaintiff's termination-related claims under Title VII and the ADA (in Counts One, Two and Four) for failure to state a claim should be **DENIED**. Defendants' motion to dismiss Plaintiff's state law claim for intentional infliction of emotional distress against the Individual Defendants and claim for punitive damages against DeKalb County should be **GRANTED**.

**IT IS SO RECOMMENDED**, this 17th day of May, 2010.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)